Stinebaugh, &c. *vs.* Wisdom.

APPEAL FROM TRIGG CIRCUIT.

Chief Justice HISE delivered the opinion of the court.

EJECTMENT.

Case 30.

January 10.

1. An equitable defense cannot be presented as a bar to an ejectment.
2. The husband is not tenant by the curtesy of land of the wife unless he was seized during the coverture; and unless so seized, he has no right which will prevent the heir of the deceased wife from a recovery against an adverse holder during his life. (*See Welch's heirs* v. *Chandler, &c. ante, p.* 420.)

The lessors of the plaintiff in this case produced in evidence a title to the land in contest, regularly derived from the state, through the trustees of the Glasgow Academy, Robert Gray, A. Davis, David Davis, John Clark, Saml. G. White, and James Huling, down to Nancy Davis, the grandmother of the plaintiff's lessors, who were her only surviving heirs. They proved that their patent and deeds embraced the land, and that the defendants were in possession at the commencement of the suit, and before and afterwards, holding adversely. After the plaintiffs had produced the evidence of their title and closed their proof, on the next morning, when the trial was about to be resumed, the defendant, by his counsel, moved the court to discontinue the trial and continue the cause until the subsequent term, and read to the court, in support of the motion, a deed from the sheriff of Christian county to Jesse Harrison, dated the 8th of August, 1817, embracing the land, and also the exe-

cution in favor of Jesse Harrison against A. Davis, issued and dated the 13th May, 1817, and returnable on the 19th July thereafter, in virtue of which the land was sold to Jesse Harrison by the sheriff. In the body of this deed, is recited a power of attorney from A. Davis to Robert Harrison, as deputy sheriff, to sell the land at public auction, without advertisement, to satisfy the execution, and giving him authority to convey the land to the purchaser; the sale to be made on the 18th July, 1817. This power of attorney purports to have the name of David Davis signed to it as a subscribing witness. These papers were accompanied by the affidavit of Bradley, to the effect that they came to his knowledge after the trial had been commenced, for the first time, and that if the cause was continued he *hoped* and *trusted* that he might be able to establish the fact, that David Davis had parted with his title, or had been divested of it by a suit in Christian county, before the date of the conveyance from him to John Clark. The court overruled this motion for a continuance, and also refused to allow the defendants to read the said execution and sheriff's deed to J. Harrison, to the jury as evidence. The trial progressed. There was a verdict returned and judgment rendered for the plaintiff. A motion for a new trial was overruled by the court, and the defendants have appealed to this court. And the only question of any importance presented in the record is, whether or not the court erred in refusing to continue the cause on the defendant's motion.

The motion was properly overruled. The deed from the sheriff to Jesse Harrison, whether valid or not, did not break the chain of title of the plaintiff's lessors, because, before the execution issued against A. Davis, before the date of the power of attorney as recited in the deed, and before the date of the levy, sale, or sheriff's conveyance of the land to Jesse Harrison, A. Davis had sold and conveyed all his right and title to the land to David Davis, by deed dated 30th of November, 1816; and if even the execution of

1. An equitable defense cannot be presented as a bar to an ejectment.

the power of attorney, and the signature of David Davis thereto as a subscribing witness, be admitted to have been sufficiently proven by the recitation in the deed merely, and if it be granted that it should be taken that David Davis knew of the intended sale, or was present and failed to disclose his title, and that therefore an available equity accrued to the purchaser as against D. Davis on account of such fraudulent concealment, to have his, Davis', right enure to his benefit, and even admitting that Davis would, in equity, be estopped from denying the right of the vendee, who purchased with his knowledge and acquiescence, yet the defendants do not pretend, in any way, to connect themselves with the claim or title of Jesse Harrison, if any he has ; and even if they did, Harrison's claim could not be available against an innocent purchaser from David Davis, to whom, without any notice of Davis having done any act by which he may have precluded himself from denying Harrison's right, he, Davis, sold and conveyed the land. It was not stated in Bradley's affidavit that Clark was not an innocent and *bona fide* purchaser of the land from D. Davis, or that he would be able to prove that he was not; and it did not appear from anything stated in Bradley's affidavit, that the defendant, could have made any valid legal defense to the action.

As the fathers of the lessors of the plaintiff are still living, as shown by the proof, it is suggested whether or not their children, who derive title by descent from their mothers, can maintain this action whilst their fathers survive. That the fathers being entitled to the land during their lives, as tenants by curtesy, the children have no right to the land, nor can they recover it in ejectment until the deaths of their fathers. To this suggestion it is replied, that there is no evidence in the cause that the ancestors of the plaintiffs' lessors were even, during the lifetime of their wives or afterwards, actually seized or possessed of the land, or any part thereof, so that the

2. The husband is not tenant by the curtesy of land of the wife unless he was seized during the coverture; and un less so seized, he has no right which will prevent the heir of the deceased wife from a recovery against an adverse holder during his life. (*See Welch's heirs* v. *Chandler, &c. ante, p.* 420.)

title and right of possession passed and descended directly from their mothers to the plaintiffs' lessors.

Wherefore the judgment of the circuit court is affirmed.

*Harlan*, for appellants; *M. Mayes*, for appellee.

